## BURRELL'S ESTATE v. COMMISSIONER OF INTERNAL REVENUE.

### No. 12011.

United States Court of Appeals
Ninth Circuit.

June 23, 1949.

F. T. Ritter, Long Beach, Cal., for petitioner.

Theron Lamar Caudle, Asst. Atty. Gen., Ellis N. Slack, Sumner M. Redstone and Abbott Sellers, Sp. Assts. to Atty. Gen., for respondent.

Before DENMAN, Chief Judge, and BONE and ORR, Circuit Judges.

DENMAN, Chief Judge.

In this petition for review, petitioner seeks to set aside an order of the Tax Court upholding the Commissioner's refusal to allow a deduction from the amount of the tax on the estate of petitioner's deceased husband, who died July 28, 1943, of the amount of her state and federal income taxes for the tax years 1941, 1942 and 1943,

amounting to $10,344.12, which she paid after his decease.

The reported income of the wife for the three years was community income. After its receipt by the husband in his business, it was put in a joint bank account, the amount of which remaining at the time of the husband's death was included in his gross estate.

The petitioner claims that under Section 811(e) (1) of the Internal Revenue Code, 26 U.S.C.A. § 811(e) (1), she is entitled to deduct the amount of her income taxes for the three years paid after his death. The ground of this claim is, in the final analysis, that she had no separate property at any pertinent time and that by the making of the tax returns in 1941, 1942 and 1943 of her half of the community income, she made a contribution to the husband's estate by which the husband became obligated to pay her income tax. This is described by petitioner as a trust obligation of the husband, dischargeable out of the estate.

There is no evidence that the husband asked or directed petitioner to make a separate return or that he agreed to pay her tax, nor does the California law require an inference of such an agreement or trust obligation. It was obviously to the benefit of each that the husband and wife filed separate income tax returns, bringing the divided income into lower brackets than if the husband had returned the whole as his individual income. To the extent of the lessened tax, her half interest in the jointly held bank account was increased.

It does not change the beneficial character of that transaction that if the husband had known he were to die in July, 1943, he might have returned all the income for the prior years in his own name and become liable for the higher tax, the portion of which paid after his death would have reduced the gross assets of his estate.

We can see no reason for a deduction from the husband's gross estate of the wife's separate debt to the government for income taxes. As well could it be said that if she had created a separately owed debt for borrowed money, payable after her husband's death, it should be deducted from

the husband's estate because her only source of its payment was in their joint account.

Since on decedent's death the estate included the jointly held properties, and the claimed deductions are not within the provisions of Section 811(e) (1), the order of the Tax Court is affirmed.